UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM E. WALLS,<br><br>Defendant. | Case No. 1:24-cr-00013-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant William E. Walls' Motion to Strike the Government's Notice of Intent to Present Evidence Pursuant to Federal Rule of Evidence 404(b). *See* Dkt. 40. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Walls is charged with three counts of attempted sexual exploitation of a minor child, in violation of 18 U.S.C. § 2251(a) and (e). The government alleges that on November 10, 2023, Walls attempted to persuade three minors to engage in sexually explicit conduct for the purpose of producing a video. More specifically, Walls allegedly videoed three young children while they were in a bathroom in his home. One of the children was videoed while in the shower and drying off. The

other two were depicted in the same video, in the same bathroom, while changing

their clothes. Walls is not related to the children, but they would sometimes have

sleepovers at his home. Walls met the victims' mother roughly four months before

the charged conduct. After developing a friendship with Walls, she let him babysit

her children and she let her children sleep over at his home.

Trial is scheduled to begin on May 12, 2025, and the government intends to

introduce the following evidence during its case-in-chief:

1)    Defendant would cook food that the minor victims enjoyed,
      such as mac and cheese and hot dogs.

2)    Defendant would give the minor victims treats such as ice
      cream and popsicles.

3)    Defendant would let the minor victims do activities at his house
      such as watch television, use electronic devices, and play with
      Legos.

4)    Defendant would give the minor victims toys.

5)    During sleepovers, Defendant would sleep on a mattress in the
      living room with Minor Victim 1 and would share a blanket
      with her.

6)    When the minor victims would shower, Defendant would come
      in the bathroom, open the shower curtain, and talk to them. He
      would point out various items in the shower that the minor
      victims could use.

*See Notice,* Dkt. 37, at 1-2. The defendant objects to the introduction of this

evidence.

## GOVERNING LEGAL STANDARD

The parties' dispute comes before the Court by way of a motion to strike the government's Rule 404(b) notice. Neither side has filed a motion in limine. Nevertheless, the standards applicable to motions in limine are useful here, as the Court is being called up to decide whether certain evidence should be admitted or excluded at the upcoming trial.

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, they are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Rulings on motions in limine are preliminary opinions that are "entirely within the discretion of the district court." *Id.*; *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Further, such rulings are provisional and therefore "not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Accordingly, at trial, the court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See Luce*, 469 U.S. 38 at 41-42 ("Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## ANALYSIS

### A.    The Proffered Evidence is Inextricably Intertwined with the Charged Conduct

The government's lead argument is that a Rule 404(b) Notice was not necessary because the proffered evidence described above is inextricably intertwined with the charged offenses. The Court agrees.

Other-act evidence is not subject to the rigors of a Rule 404(b) analysis if it is "inextricably intertwined" with the charged offense. *United States v. Wells,* 879 F.3d 900, 928 (9th Cir. 2018); *see generally* Fed. R. Evid. 404. This exception applies in two different situations. First, it applies when the defendant's acts are part of a "single criminal transaction." *Id.* Second, the exception applies when the other-act evidence is necessary to allow prosecutor to offer "a coherent and comprehensible story regarding the commission of the crime.'" *Id.* (citations omitted). If the government wishes to rely on the "coherent and comprehensible story" exception, it must establish that "the evidence bears directly on the charged crime." *Id.* at 929.

Here, the second exception applies. The evidence at issue, which can be characterized as grooming behavior, bears directly on the charged offenses. As one court observed in a similar case, "Common sense tells us that the alleged conduct—a father's video recording of sexual contact with his daughter—does not usually occur out of the blue. But absent that context, it may be hard for a jury to

fathom the conduct alleged, much less evaluate the evidence before it." *United States v. Bauldwin*, 627 F. Supp. 3d 1242, 1249 (D.N.M. 2022); *see also United States v. Ebert*, 61 F.4th 394, 403 (4th Cir. 2023) (concluding that conduct which provided context and was part of defendant's grooming process was inextricably intertwined with the charged conduct); *United States v. Steinmetz*, 900 F.3d 595 (8th Cir. 2018) (evidence of prior, hands-on molestation admissible to show the grooming process that enabled defendant to photograph the victim). The same is true here. Without background evidence regarding the relationship between defendant and the children, it may be hard for jurors to fathom how and why these children were in Walls's home, why they were nude in his bathroom, and why Walls was also in the bathroom.

In light of these principles, the Court concludes that the proffered evidence is not fairly characterized as "other-act" evidence under Rule 404(b). Further, based on its current assessment of the record, the probative value of the proffered evidence is not substantially outweighed by a danger of the dangers identified in Federal Rule of Evidence 403. Accordingly, the Court intends to allow the government to offer the disputed evidence at trial, during its case-in-chief. That said, all in limine rulings are provisional, and the Court may make a different assessment in the context of trial, as the evidence unfolds. For that reason, defense counsel is free to raise objections during trial.

**B.    Alternatively, the Proffered Evidence is Admissible Under Rule 404(b) & the Government's Notice Was Sufficient**

Given the above ruling, Walls's other arguments are moot. In the alternative, however, the Court concludes that: (1) the proffered evidence is admissible under Rule 404(b); and (2) the government's Rule 404(b) notice is sufficient.

**1.  Other-Purpose Evidence under Rule 404(b)**

Federal Rule of Evidence 404 provides that evidence of a prior crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). The rule is grounded in the fundamental principle that "our law punishes people for what they do, not who they are." *United States v. Charley,* 1 F.4th  637, 460 (9th Cir. 2021) (quoting *Buck v. Davis*, 580 U.S. U.S. 100 (2017)). Rule 404(b)(2), however, makes clear that the proffered evidence is admissible if it is offered to serve "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). As such, "Rule 404(b) is a rule of inclusion—not exclusion—which references at least three categories of other 'acts' encompassing the inner workings of the mind: motive, intent, and knowledge." *United States v. Wells*, 879 F.3d 900, 928 (9th Cir. 2018) (quoting *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc)).

The Ninth Circuit applies a four-part test to determine whether evidence is

admissible for one of the permitted, non-propensity purposes under Rule 404(b). In all cases, the proponent must establish that: (1) the evidence tends to prove a material point related to the offense for which the defendant is now charged (materiality); (2) the other act is not too remote in time (recency); and (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency). *United States v. Preston*, 873 F.3d 829, 840 (9th Cir. 2017). Additionally, if the other-act evidence is offered to prove intent, then the proponent must meet a fourth requirement – that the other act is similar to the offense charged. *Id.* The government bears the burden of proving each of these requirements and must "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).

Here, the Court concludes that all four parts of the Rule 404(b) analysis are satisfied for the reasons explained in the government's brief. *See* Dkt. 42, at 10-11. *First,* the *sufficiency* requirement is met. Based on the anticipated testimony of ore or more of the minors and/or their mother,[1] a jury could find it more likely than not that Walls committed the other acts. *See* Fed. R. Evid. 104(b). *Second,* the *recency*

---

[1] The Court has not yet seen witness lists, but anticipates that the mother and/or one or more of the minors will testify.

requirement is met, as all other-act conduct occurred within an approximate four-month period leading up to the charged conduct. *Third* and *fourth*, the other-act evidence is relevant for a non-propensity purpose, as it provide context for the charged conduct and also is probative of knowledge, intent, or motive. Further, the evidence related to the previous showering incidents is similar to the charged conduct.

The Court also notes, again, that the proffered evidence survives a Rule 403 balancing. The probative value of this evidence is not substantially outweighed by any of dangers outlined in Rule 403, including "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## 2. The Sufficiency of the Government's Notice

Finally, the Court finds that government's Rule 404(b) notice was sufficient. Federal Rule of Evidence 404(b)(3) requires the government to:

(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

(C) do so in writing before trial–or in any form during trial if the court, for good cause, excuses lack of pretrial notice. Fed. R. Evid. 404(b)(3)

Fed. R. Evid. 404(b)(3). The government's notice is adequate here, especially because the facts and issues are straightforward and the body of proffered evidence is relatively minimal and likewise straightforward. Accordingly, the Court will deny defendant's motion to "strike" the government's Rule 404(b) notice based on the alleged insufficiency of the notice.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Strike (Dkt. 40) is **DENIED.** That said, in limine rulings are always subject to change depending on how the evidence unfolds at trial. Accordingly, defendant is free to renew his objections during trial.



DATED: April 30, 2025

_____
B. Lynn Winmill
U.S. District Court Judge