UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>WILLIAM E. WALLS,<br><br>                    Defendant. | Case No. 1:24-cr-00013-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a Renewed Motion for Judgment of Acquittal Under Fed. R. Crim. P. 29(c) or for New Trial (Dkt. 71) by Defendant William Walls. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In May 2025, a jury convicted Defendant William Walls of three counts of attempted child sexual exploitation in violation of 18 U.S.C. § 2251(a) and (e). The charges stem from an approximately 24-minute cell phone video, created in November 2023, of nine-year-old C.A. showering in Mr. Walls's bathroom. C.A. is behind the semi-opaque shower curtain for much of the video, but her naked body is fully visible at several points. C.A.'s two younger sisters, G.A. and E.A., also appear in the video and change clothes in the bathroom somewhere outside the camera's frame. The video further shows Mr. Walls carefully propping up his phone to record the shower area.

Mr. Walls was friends with C.A.'s mother, who he had briefly dated, and he

frequently watched C.A. and her sisters. About a week after the video was created, C.A. found it while using Mr. Walls's phone, along with another shorter video that showed her walking without pants on. C.A. deleted both videos but told her mother about them, and her mother then found the videos in Mr. Walls's deleted files. The mother restored the videos, emailed them to herself, and confronted Mr. Walls. He responded that he had created the videos by accident. C.A.'s mother then went to the police. By the time law enforcement searched the phone, Mr. Walls had permanently deleted the video. Law enforcement did not find any other evidence of child pornography or child sexual abuse during the search.

Mr. Walls was indicted on three counts of attempted child sexual exploitation in January 2024. Shortly before trial, the Government filed a motion in limine seeking to admit 26 screenshots from the bathroom video, which Mr. Walls argued distorted the evidence by over-emphasizing brief moments where C.A. appeared nude. The Court ruled that the Government could use the screenshots for demonstrative purposes but not as substantive evidence.

Trial commenced on May 12, 2025. At the close of the Government's case, Mr. Walls moved for acquittal under Rule 29. The Court denied the motion. The jury subsequently convicted Mr. Walls on all charges. Mr. Walls now renews his Rule 29 motion for acquittal or, in the alternative, seeks a new trial.

## LEGAL STANDARD

Under limited circumstances, Rule 29 authorizes a district court to set aside a jury's guilty verdict and enter an acquittal. Fed. R. Crim. P 29(c). Defendants seeking a

post-verdict acquittal face a very high bar. *United States v. Rocha*, 598 F.3d 1144, 1153 (9th Cir. 2010). A court must deny a Rule 29 motion if "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Charley*, 1 F.4th 637, 643 (9th Cir. 2021). All conflicts in the evidence must be resolved in favor of the jury's verdict. *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201-02 (9th Cir. 2000).

## ANALYSIS

### 1. Motion for Acquittal

18 U.S.C. § 2251(a) provides for the punishment of "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." The offense carries a mandatory minimum sentence of 15 years in prison. § 2251(e). To convict Mr. Walls, the Government was required to prove beyond a reasonable doubt that he intended to produce sexually explicit videos of the children and took a substantial step toward doing so. *See United States v. Boam*, 69 F.4th 601, 608 n.6 (9th Cir. 2023). Viewed in the light most favorable to the prosecution, the Government met this burden.

Mr. Walls's argument centers around the "sexually explicit conduct" element, which is defined, in relevant part, as a "lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). Mr. Walls claims that he intended to record "mere nudity," not a "lascivious exhibition of the genitals." He admits that the conduct was disturbing and that he could perhaps be convicted of a lesser offense like voyeurism. But, he maintains, the evidence is insufficient to sustain convictions for

attempted sexual exploitation.

The Ninth Circuit[1] utilizes six factors, known as the *Dost* factors, to determine whether a visual depiction is lascivious:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
> 4) whether the child is fully or partially clothed, or nude;
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*United States v. Perkins*, 850 F.3d 1109, 1121 (9th Cir. 2017). These factors are only "a starting point" for a case-specific inquiry, meant to be "neither exclusive not conclusive but rather general principles as guides for analysis." *Boam*, 69 F.4th at 609 (quoting *United States v. Hill*, 459 F.3d 966, 972 (9th Cir. 2006)). Here, the first, fourth, and sixth *Dost* factors could reasonably support the jury's conclusion that Mr. Walls intended to produce a lascivious video.

In keys ways, this case resembles *United States v. Boam*, which was tried in this Court and affirmed by the Ninth Circuit. In *Boam*, the defendant was charged with attempted child sexual exploitation after he set up a secret camera in his master bathroom to record his fourteen-year-old daughter showering. *Boam*, 69 F.4th at 604-05. He

---

[1] Mr. Walls extensively discusses the D.C. Circuit case *United States v. Hillie*, 39 F.4th 674 (D.C. Cir. 2021), which adopted a far stricter standard for "lascivious exhibition of the anus, genitals, or pubic area of any person." But *Hillie* directly conflicts with the law of the Ninth Circuit. Regardless of the merits of *Hillie*'s reasoning, this Court is not at liberty to follow it.

recorded a total of 37 videos, 36 of which showed the victim completely nude. *Id.* at 605. The victim also testified that Boam instructed her to shower in the master bathroom rather than other bathrooms in the house. *Id.* The Ninth Circuit affirmed this Court's denial of Boam's Rule 29 motion, emphasizing that a reasonable jury could find that the videos were lascivious, though they showed nudity rather than overtly sexual conduct. *Id.* at 608. The same is true in the present case, though the circumstantial evidence is significantly weaker than in *Boam*.[2]

Here, the first *Dost* factor, the focal point of the video, could reasonably support the jury's verdict that bathroom video depicted sexually explicit conduct. Admittedly, the factor is not particularly strong. C.A.'s genitals are fully visible for only about ten seconds of the video, which is 23 minutes and 56 seconds long. For much of the video, she is largely obscured by a semi-opaque shower curtain. But, like in *Boam*, "[t]he camera is positioned so that it directly points at and frames the shower," and "[t]he video images are clear and not blurry or pixelated." *Id.*

To defend himself, Mr. Walls focuses on the relatively short period in which C.A.'s genitals are exposed compared to the video as a whole, pointing out that this footage comprises only 0.7% of the total. This objection is not persuasive. Although a "fleeting glimpse of a child's genitals" does not suffice under this factor, it makes no sense to let a defendant off the hook merely because he happened to record long stretches

---

[2] In *Boam*, unlike in the present case, the shower curtain was completely translucent, and the Government also presented 404(b) evidence that Boam had sexually assaulted the victim.

of innocuous content along with the sexually exploitative material. *See id.* at 610; *see also United States v. Steen*, 634 F.3d 822, 827 (5th Cir. 2011). Further, Mr. Walls's protest that the shower curtain was completely opaque is not entirely accurate. In reality, the curtain blurred C.A.'s body without fully obscuring her.

The fourth factor, nudity, is obviously present. Mr. Walls does not dispute that C.A. is fully naked for much of the video.

A jury could also find that the video meets the sixth factor, intent to elicit a sexual response. This factor considers "the apparent motive of the photographer and intended response of the viewer." *Boam*, 69 F.4th at 610 (quoting *United States v. Arvin*, 900 F.2d 1385, 1389 (9th Cir. 1990)). Mr. Walls's efforts to stage the video to maximize the amount of inappropriate content are the strongest evidence in this regard. The video shows him carefully setting his phone camera to record the area where the C.A. would most likely be visible while naked. He also placed G.A.'s and E.A.'s clothing in way that would encourage them to change in direct view of the camera, providing further circumstantial evidence of his motive. Even Mr. Walls admits that his actions were alarming, and it would not exactly take a leap of the imagination for the jury to conclude that his goal was sexual gratification.

On this front, Mr. Walls makes much of the distinction between voyeurism and attempted child sexual exploitation. He essentially contends that he found thrill in the transgressiveness of trying to record the victims' nudity rather than in the lascivious depiction of children's genitals. To bolster this claim, he emphasizes that C.A.'s genitals are only visible for brief moments in the video. The implication, the Court supposes, is

that Mr. Walls would have recorded something much worse if he had really intended to elicit a sexual response. But the brevity of the video's lascivious content was a matter of chance more than anything. Mr. Walls's lack of skill at exploiting children does not absolve him of culpability for the attempt.

In short, there was enough evidence for a reasonable jury to conclude that Mr. Walls attempted to produce sexually explicit videos of C.A., G.A., and E.A. Although the other *Dost* factors do not support a finding that the video was sexually explicit, the three factors analyzed above, together with the broader circumstances of the case, are enough under the law of the Ninth Circuit. For this reason, the Court must deny Mr. Walls's motion for acquittal and allow the jury's verdict to stand.

On a final note, however, the Court does agree with Mr. Walls that the 15-year mandatory minimum under § 2251(e) significantly over-punishes his conduct. While he meets the elements of the offense as interpreted by the Ninth Circuit, his actions fall far short of the typical child sexual exploitation case. Mr. Walls did something wrong, and he should be punished. But the mandatory minimum here elides important differences between his actions and far more egregious attempts to harm children. The Court wishes that it could account for these distinctions at sentencing. Nonetheless, Congress has spoken, and this policy disagreement is not a basis for acquitting Mr. Walls.

## 2. Motion for a New Trial

The Court will also deny Mr. Walls's request for a new trial. His argument here centers on the Court's decision to allow the Government to present screenshots from the bathroom video as illustrative exhibits. Mr. Walls did not create those screenshots

MEMORANDUM DECISION AND ORDER - 7

himself, and for that reason the Court agreed it would be unfair to allow them as substantive exhibits. As illustrative aids, however, they merely allowed the Government to emphasize the most incriminating portions of the video. Federal Rule of Evidence 107 allows a party a party to use "an illustrative aid . . . if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice." Under the circumstances, the utility of the screenshots was not substantially outweighed by the danger of unfair prejudice for Mr. Walls.

## ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's Renewed Motion for Judgment of Acquittal Under Fed. R. Crim. P. 2(c) or for New Trial (Dkt. 71) is **DENIED**.



DATED: September 15, 2025

_____
B. Lynn Winmill
U.S. District Court Judge